```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                   CORPUS CHRISTI DIVISION
```

GREGORY S. BECKER, et al.,        §
                                  §
    Plaintiffs,                   §
                                  §
v.                                §    Civil Action
                                  §    No. C-07-115
WABASH NATIONAL CORPORATION,      §
et al.,                           §
                                  §
    Defendants.                   §

## ORDER

On this day came on to be considered the motion of Defendants J.B. Hunt Transport, Inc. ("J.B. Hunt"), and Ronald O. Roark (together, "Defendants") to dismiss Plaintiffs' negligence claims against them in the above-styled action (D.E. 6).[1] For the reasons set forth below, Defendants' motion to dismiss is hereby DENIED.

**I.   Jurisdiction**

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**II.  Factual and Procedural Background**

Plaintiffs Gregory S. Becker and Melissa A. Lambert (suing individually and on behalf of the Estate of Marina Becker) (together, "Plaintiffs") filed this case on March 13, 2007.  (D.E.

---

[1] The Court notes that there is an additional Defendant in this case, Wabash National Corporation ("Wabash").  Wabash does not join in the instant motion to dismiss.  The Court clarifies that when it refers to "Defendants" in this Order, the Court is only referring to J.B. Hunt and Ronald O. Roark.

1, Complaint).  Plaintiffs sued Wabash, J.B. Hunt and Ronald O. Roark.  As noted above, only Defendants J.B. Hunt and Ronald O. Roark bring the instant motion to dismiss Plaintiffs' negligence claims against them, Defendant Wabash did not join in the motion.

Plaintiffs allege the following in their Complaint:  On March 15, 2005, Marina Becker, age 20, was a passenger in a vehicle driven by Michelle B. Popp.  The two were traveling from South Padre Island to San Marcos, Texas.  In Live Oak County, Ms. Popp drove the vehicle onto an access road that intersected with Highway 59 at two separate points (one for each direction of traffic).  Traffic on Highway 59 was not required to stop at the intersections with the access road, but Plaintiffs allege that drivers on Highway 59 were warned of the upcoming intersection by a flashing lighted message board.  Plaintiffs allege that the vehicle Ms. Becker was in stopped at the posted stop signs at the two intersections between Highway 59 and the access road.  Plaintiffs claim that as the car was stopped at or pulling away from the second stop sign, it was struck by an eighteen-wheeler tractor trailer that was traveling on Highway 59.  The tractor trailer was driven by Ronald O. Roark, an employee of Defendant J.B. Hunt.[2]  Plaintiffs claim that the vehicle Ms. Becker was in was caught under the trailer and dragged for several hundred feet.  Plaintiffs state that Ms. Becker

---

[2]In their Complaint, Plaintiffs claim that J.B. Hunt owned the tractor and trailer, and that the trailer was manufactured by Wabash.

later died as a result of the injuries she sustained in the accident.

Defendants J.B. Hunt and Ronald O. Roark filed the instant motion to dismiss (D.E. 6) on April 19, 2007. Defendants argue that Plaintiffs' negligence claims against them should be dismissed, on the grounds that (1) Plaintiffs do not allege that J.B. Hunt had a legal duty to install side under-ride guards on its trucks; and (2) Plaintiffs do not allege that Ronald O. Roark breached a legal duty owed to Ms. Becker, and Defendants claim that the sole, proximate and legal cause of the accident was Ms. Popp's supposed failure to obey traffic laws.[3]

## III. Discussion

### A. Motions to Dismiss

"Motions to dismiss are viewed with disfavor and are rarely granted." Test Masters Educ. Services, Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005); Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). In analyzing a motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). The Court must also draw all reasonable inferences from those facts in the plaintiff's favor. See Lovick v. Ritemoney

---

[3]Plaintiffs' response to Defendants' motion to dismiss is not due until May 9, 2007.

Ltd., 378 F.3d 433, 437 (5th Cir. 2004). Dismissal is proper only where, viewing the facts in the light most favorable to the plaintiff, "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995); see also Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Lowrey, 117 F.3d at 247 (stating that "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief").

**B.   Negligence**

The instant motion to dismiss addresses Plaintiffs' negligence claims against J.B. Hunt and Ronald O. Roark. In Texas, a common-law negligence claim requires proof of the following elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).

**C.   Plaintiffs' Negligence Claim Against J.B. Hunt**

Defendants argue that Plaintiffs "do not allege facts demonstrating that [J.B. Hunt] had a legal duty to install side under-ride guards on its trucks." (Motion, ¶ 6). Specifically, J.B. Hunt argues that it could not have had such a duty because it did not manufacture or design the trailer that was involved in the collision with the Ms. Becker's vehicle. (Id.).

Defendants' argument is unpersuasive, because Plaintiffs plead facts which, if taken as true, could establish a duty on the part of J.B. Hunt to avoid foreseeable injury to persons such as Ms. Becker. In the context of a Rule 12(b)(6) motion to dismiss, such a duty could encompass installation of side under-ride guards on trucks owned by J.B. Hunt.

### 1. **Existence of a Duty**

The threshold issue in a negligence action is duty. See Greater Houston Transp. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Whether or not a duty exists is a question of law. See id.

In determining whether a duty exists, courts consider the "risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and the consequences of placing the burden on the actor." Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994); see also Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994); Greater Houston Transp., 801 S.W.2d at 525. Foreseeability of the risk is the dominant factor for courts to consider. See Bird, 868 S.W.2d at 769.

### 2. **Plaintiffs' Allegations re: J.B. Hunt**

In this case, Plaintiffs plead facts which, if taken as true, could establish that J.B. Hunt owed a duty to Ms. Becker. Specifically, Plaintiffs plead that the "tractor and trailer" that collided with Ms. Becker's vehicle "were owned by J.B. Hunt".

(Complaint, ¶ 3).  Plaintiffs plead that J.B. Hunt "is one of the largest interstate trucking companies in the country ... [and that J.B. Hunt] purchases large numbers of semi-trailers ... and is in a position to request design features like side under-ride guards for its fleets." (Id., ¶ 5).  Plaintiffs further allege that J.B. Hunt "knows and has reason to know that the travel space underneath its tractor-trailer rigs is such that the ordinary automobile cannot encounter the truck in a collision ... without probable serious injury to the automobile's passengers." (Id.).  Finally, Plaintiffs allege that J.B. Hunt could "reasonably foresee that a car colliding with its trailers from the side would in reasonable probability cause serious injury or death to the occupants without side under-ride guards on the trailer."  (Id.).

If, as Plaintiffs allege, that J.B. Hunt knows or has reason to know that the size of the travel spaces under its rigs is such that a car-truck collision would probably cause serious injury to the car's passengers, then it was foreseeable to J.B. Hunt that one of its rigs, on the road without side under-ride guards, could cause serious injury to someone such as Ms. Becker.  Given Plaintiffs' allegation regarding J.B. Hunt's status as one of the largest trucking companies in the United States, such injuries would be fairly likely to occur on the nation's highways.  In this case, taking Plaintiff's allegations as true, the risk, foreseeability and likelihood of injury would outweigh the social

utility of J.B. Hunt's conduct and the magnitude and consequences of placing the burden of guarding against such injuries on J.B. Hunt.  If, as Plaintiffs allege, J.B. Hunt is one of the largest trucking companies in the United States, and J.B. Hunt purchases a large number of semi-trailers from various manufacturers, requests by J.B. Hunt for side under-ride guards could conceivably decrease the number of trucks on the road with dangerous travel spaces under their rigs.  If this prevented catastrophic injury to car passengers such as Ms. Becker, the benefit of preventing such injuries would outweigh placing this burden on J.B. Hunt.  See Bird, 868 S.W.2d at 769.[4]

In the context of a Rule 12(b)(6) motion to dismiss, the Court takes all of Plaintiffs' allegations as true and draws all inferences in their favor.  In this context, Plaintiff pleads facts which could establish that J.B. Hunt did owe a duty to persons such as Marina Becker, and that such a duty could include requesting/installing side under-ride guards on its trucks.  Accordingly, based on the above, the Court rejects Defendants' argument that Plaintiff does not plead facts alleging that J.B. Hunt owed a duty to Ms. Becker.

---

[4] See also Thomas v. Rushing, 1995 WL 756122, *4 (Tex. App.-- Beaumont 1995) ("The owner of a vehicle is liable for injuries due to defects which render it dangerous if he has knowledge of such defects or if he should have known of such defects by the exercise of ordinary care").

### D. **Plaintiffs' Negligence Claim against Ronald O. Roark**

Mr. Roark was the driver of the tractor-trailer that struck the vehicle occupied by Ms. Becker. Defendants argue that Mr. Roark did not breach a legal duty owed to Ms. Becker, because Mr. Roark was obeying applicable traffic laws, and because the car Ms. Becker was in did not stop at the stop sign prior to entering the intersection where the collision took place. (Motion, ¶ 7).

#### 1. **Defendants' Argument re: the Stop Sign**

With regard to Defendants' argument that the vehicle's driver did not stop at the stop sign, Plaintiffs allege in their Complaint that the driver <u>did</u> stop at the stop sign in question. (Complaint, ¶ 3) ("The driver stopped at the first large stop sign for east-bound Highway 59 traffic, then at the second smaller stop sign for west-bound Highway 59 traffic. As the car was stopped at or pulling out from the stop sign, it was struck by [the tractor-trailer driven by Mr. Roark]").

In the context of a Rule 12(b)(6) motion to dismiss, the Court must take all of Plaintiffs' allegations as true and draw all inferences in their favor. See <u>Beanal</u>, 197 F.3d at 164 ("all facts pleaded in the complaint must be taken as true."). Thus, the Court must accept as true Plaintiffs' allegation that the vehicle's driver, Ms. Popp, did stop at the stop sign, and that the subject vehicle was hit by the tractor-trailer as it was stopped or as it was pulling away from the stop. In the context of a Rule 12(b)(6)

motion to dismiss, the Court therefore cannot accept Mr. Roark's argument that "the sole, proximate and legal cause of the accident was Michelle Popp's disobedience of the law requiring her to stop, yield and not proceed until safe to do so."  (Motion, ¶ 7).

### 2. **Arguments re: Duty, Breach of Duty and Proximate Cause**

For purposes of a Rule 12(b)(6) motion to dismiss, Plaintiffs sufficiently plead the existence and breach of a duty by Mr. Roark, and that such breach proximately caused injury to Ms. Becker.

#### a. **Duty to Keep a Proper Lookout**

As noted above, duty is a necessary element of a claim for negligence.  "A duty represents a legally enforceable obligation to conform to a particular standard of conduct."  Fitzpatrick v. Copeland, 80 S.W.3d 297, 302 (Tex. App.--Fort Worth 2002).

"Motorists have a general duty to keep a proper lookout." Montes v. Pendergrass, 61 S.W.3d 505, 509 (Tex. App.--San Antonio 2001); Gomez v. Adame, 940 S.W.2d 249, 251 (Tex. App.--San Antonio 1997) ("All persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection."); Lopez v. City Towing Associates, Inc., 754 S.W.2d 254, 263 (Tex. App.--San Antonio 1988).

"A proper lookout means that [the motorist] must have looked in such an intelligent manner as to enable [him] to see what a

person in exercise of ordinary care and caution for the safety of [him]self and others would have seen under like circumstances. It means also that [the motorist] must have taken such steps to guard against accidents which the conditions observed by [him] would necessarily indicate to be necessary." Lopez v. City Towing Assocs., Inc., 754 S.W.2d 254, 263 (Tex. App.--San Antonio 1988); see also Carney v. Roberts Inv. Co., Inc., 837 S.W.2d 206, 210 (Tex. App.--Tyler 1992) ("The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience."). The Texas Supreme Court has stated as follows regarding the duty to maintain a proper lookout:

> Before entering and while crossing the heavily traveled, through street, it was [the motorist's] duty not only to look but to observe in a careful and intelligent manner the traffic and general situation at and in the vicinity of the intersection, including the speed and proximity of vehicles approaching from either direction. ... Although not required to anticipate negligent or unlawful conduct on the part of others, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated.

Lynch v. Ricketts, 314 S.W.2d 273, 275 (Tex. 1958).

In this case, Plaintiffs sufficiently plead that Mr. Roark had a duty to keep a proper lookout. Plaintiffs plead that Mr. Roark was driving an eighteen wheeler tractor-trailer, and that he struck the vehicle Ms. Becker was in at an intersection of an access road

and Highway 59. Plaintiffs allege that there was a "flashing lighted message board a few hundred feet before the intersection [that] warned of the complex intersection ahead." (Complaint, ¶ 3). Accordingly, Mr. Roark would have a duty to maintain a proper lookout, as he was a motorist and he was approaching the vicinity of an intersection. See, e.g., Gomez, 940 S.W.2d at 251.

### b. Breach of Duty and Proximate Cause

Mr. Roark essentially argues that his actions (or lack thereof) could not have been a proximate cause of the collision between the tractor-trailer and the subject vehicle.

"The failure to keep a proper lookout constitutes a proximate cause of a collision only if the lookout would have alerted the driver to the danger of an impending collision at such a time that proper evasive action could have prevented the accident." Melvin v. Jimenez, 2002 WL 21963, *1 (Tex. App.--San Antonio 2002); see also Nerio v. Tijerina, 508 S.W.2d 672, 675 (Tex. Civ. App. 1974) ("failure to keep a proper lookout is a proximate cause of the collision only if such lookout would have revealed something on the part of the other vehicle that, if seen, would have alerted him to the danger of a collision at such time or distance that proper evasive action taken by him would have prevented it."); Stockton v. Longmore, 498 S.W.2d 440, 442 (Tex. Civ. App. 1973) ("In order for plaintiff's failure to keep a proper lookout to be a proximate cause of the collision in question, it must have been an actual

cause thereof.  In other words it must have been negligence 'but for' which the collision would not have occurred").

Plaintiffs allege in their Complaint that Mr. Roark "had an opportunity to observe [the car Ms. Becker was riding in] and could not assume that it was going to stop".  (Complaint, ¶ 6). Plaintiffs also allege that Mr. Roark "had plenty of opportunity to slow down and sufficient pavement to move to his right to avoid the car".  (Id.).  Taking Plaintiffs' allegations as true, if Mr. Roark had been keeping a proper lookout, he would have observed the subject vehicle in the vicinity of the intersection, and he would have had the chance to move his truck and avoid the collision. This would constitute a breach of the duty to maintain a proper lookout, as such a duty means "that [the motorist] must have taken such steps to guard against accidents which the conditions observed by [him] would necessarily indicate to be necessary."  Lopez, 754 S.W.2d at 263.  Moreover, because Plaintiffs allege that Mr. Roark should have seen the vehicle and could have taken steps to prevent the collision, Mr. Roark's "failure to keep a proper lookout [could be considered a] proximate cause of the collision".  Nerio, 508 S.W.2d at 675.

Accordingly, Plaintiffs sufficiently plead the elements of a duty owed by Mr. Roark, and they also sufficiently plead that Mr. Roark breached that duty and that his actions were a proximate cause of the collision.  Therefore, taking Plaintiffs' allegations

as true and drawing all inferences in their favor, the Court rejects Defendants' arguments and DENIES Defendants' motion to dismiss Plaintiffs' negligence claim against Mr. Roark.

**IV. Conclusion**

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' negligence claims against them is hereby DENIED. Plaintiffs' negligence claims against J.B. Hunt and Ronald O. Roark remain pending in this case.

SIGNED and ENTERED this 1st day of May, 2007.

_____
Janis Graham Jack
United States District Judge