```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

|   |   |
|---|---|
| GREGORY S. BECKER, et al., § § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. C-07-115 |
| WABASH NATIONAL CORPORATION, et al., § § § § § § | |
| Defendants. § § | |

**ORDER**

On this day came on to be considered Defendants J.B. Hunt Transport, Inc., and Ronald O. Roark's (together, "Defendants") motion to dismiss Plaintiffs' lawsuit for failure to join an indispensable party, pursuant to Federal Rule of Civil Procedure 12(b)(7) (D.E. 32).[1]  For the reasons set forth below, Defendants' motion to dismiss is hereby DENIED.[2]

**I.   Jurisdiction**

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

---

[1] On July 24, 2007, Defendant Wabash National Corporation ("Wabash") joined in J.B. Hunt and Ronald Roark's motion to dismiss (D.E. 36, Wabash's Advisory Joining Motion to Dismiss).

[2] Of note, J.B. Hunt and Ronald Roark filed another motion to dismiss on April 19, 2007, seeking to dismiss Plaintiffs' claims against them under Federal Rule of Civil Procedure 12(b)(6) (D.E. 6).  The Court DENIED J.B. Hunt and Ronald Roark's Rule 12(b)(6) motion to dismiss on May 1, 2007 (D.E. 9).

**II.  Factual and Procedural Background**

Plaintiffs Gregory S. Becker and Melissa A. Lambert (suing individually and on behalf of the Estate of Marina Becker) (together, "Plaintiffs") filed this case on March 13, 2007. (D.E. 1, Complaint). Plaintiffs sued Wabash, J.B. Hunt and Ronald Roark. As noted above, Defendants J.B. Hunt and Ronald Roark bring the instant motion to dismiss Plaintiffs' lawsuit for failure to join an indispensable party, and Defendant Wabash joined in J.B. Hunt and Ronald Roark's motion (D.E. 32, 36).

   **A.   Factual Allegations**

Plaintiffs allege the following in their Complaint (D.E. 1): On March 15, 2005, Marina Becker, age 20, was a passenger in a vehicle driven by Michelle B. Popp. The two were traveling from South Padre Island to San Marcos, Texas. In Live Oak County, Ms. Popp drove the vehicle onto an access road that intersected with Highway 59 at two separate points (one for each direction of traffic). Traffic on Highway 59 was not required to stop at the intersections with the access road, but Plaintiffs allege that drivers on Highway 59 were warned of the upcoming intersection by a flashing lighted message board. Plaintiffs allege that the vehicle Ms. Becker was in stopped at the posted stop signs at the two intersections between Highway 59 and the access road. Plaintiffs claim that as the car was stopped at or pulling away from the second stop sign, it was struck by an eighteen-wheeler

tractor trailer that was traveling on Highway 59.  The tractor trailer was driven by Defendant Ronald Roark, an employee of Defendant J.B. Hunt.[3]  Plaintiffs claim that the vehicle Ms. Becker was in was caught under the trailer and dragged for several hundred feet.  Plaintiffs state that Ms. Becker later died as a result of the injuries she sustained in the accident.

**B.    Defendants' Motion to Dismiss for Failure to Join an Indispensable Party**

On July 18, 2007, Defendants filed the instant motion to dismiss for failure to join an indispensable party (D.E. 32), and Plaintiffs filed their response on July 30, 2007 (D.E. 39).[4]  In their motion to dismiss, Defendants claim that the Texas Department of Transportation ("TXDOT") is an indispensable party in this case,

---

[3] In their Complaint, Plaintiffs claim that J.B. Hunt owned the tractor and trailer, and that the trailer was manufactured by Wabash.

[4] The Court notes that Defendants' motion to dismiss for failure to join an indispensable party is not timely.  A Rule 12(b)(7) motion "must be made before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b); see also Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) ("a rule 12(b) motion must be filed before responsive pleadings").  In this case, Defendants already brought one unsuccessful Rule 12(b) motion to dismiss, and they all filed answers in the case (D.E. 6, 18, 19, 20).  Defendants' instant Rule 12(b)(7) motion is clearly untimely, as it was filed over a month after all Defendants already filed their answers in this action.  In the interests of justice, the Court has considered the merits of Defendants' motion and determined that the motion should be DENIED.  However, Defendants are admonished that their motion is untimely, and that future untimely Rule 12(b) motions will not be considered by the Court.

and, therefore, the case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.[5]  (Motion to Dismiss, pp. 2-6).

In their motion to dismiss, Defendants note that prior to initiating the instant case in federal court, Plaintiffs brought an action in Texas state court, <u>Becker, et al. v. The Texas Department of Transportation, et al.</u>, Cause No. L-05-0089-CV-C, 343rd Judicial District Court of Live Oak County.  (<u>Id.</u>, p. 3).  In their First Amended Original Petition in the state court case, Plaintiffs asserted negligence and gross negligence against TXDOT, and negligence against J.B. Hunt and Ronald Roark.  (Exh. 4 to Motion to Dismiss, Amended State Court Petition).  Specifically, with respect to TXDOT, Plaintiffs claimed that in January, 2003, TXDOT made a decision to put four way stop signs at the intersection where the accident occurred, and these stop signs were to be placed within a month of the decision.  (<u>Id.</u>, pp. 5-6).  Plaintiffs alleged that "due to the negligence of highway department employees, th[is] decision was not executed or implemented" until after the accident in question in this case.  (<u>Id.</u>, p. 5).

---

[5] Pursuant to the Eleventh Amendment to the United States Constitution, the federal court would not have jurisdiction over a lawsuit against TXDOT.  <u>See</u> <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 384 (1998) (citing <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam)) ("suit against state agency is barred by the Eleventh Amendment"); <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993) (internal citations omitted) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.")

Plaintiffs claimed that TXDOT was "negligent and grossly negligent in implementing a safety decision it had already made." (Id., p. 7).

Plaintiffs later non-suited J.B. Hunt and Ronald Roark from the state court action. (Motion to Dismiss, ¶ 11).[6] TXDOT filed a Plea to the Jurisdiction, which was granted by the state court on August 2, 2006. (Id.). Plaintiffs have appealed the state court's granting of TXDOT's Plea to the Jurisdiction, and that appeal is currently pending. (Id.).

In their motion to dismiss, Defendants claim that TXDOT "is a necessary party to the suit because complete relief is not possible among the existing parties." (Id., ¶ 14). Defendants argue that TXDOT is an indispensable party, and because the federal court would not have jurisdiction over TXDOT, the case should be dismissed. (Id., ¶¶ 14-19). For the reasons set forth below,

---

[6] In their motion to dismiss, Defendants state that "[a]lthough Plaintiffs filed a Non-Suit, Defendant (sic) J.B. Hunt and Roark have not received an Order dismissing them from the [state court] case." (Motion to Dismiss, ¶ 10). It is irrelevant whether or not such an order has been entered, since Plaintiffs' non-suit was effective immediately upon filing. A formal order of the state court is not necessary to dismiss J.B. Hunt and Ronald Roark from the state court action. See Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex. 2006) (internal citations omitted) ("a nonsuit is effective when it is filed. ... The trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial."); Doolin's Harley-Davidson, Inc. v. Young, 2006 WL 27983, *2 (Tex. App.--Texarkana 2006) ("a nonsuit is effective on request. Granting a request for nonsuit is a purely ministerial duty."); Swerdlow v. TIBH Indus., Inc., 2000 WL 1862678, *2 (Tex. App.--Austin 2000).

TXDOT is not an "indispensable" party under Federal Rule of Civil Procedure 19(b), and Defendants' motion to dismiss is hereby DENIED.

**III. Discussion**

    **A.   Motions to Dismiss for Failure to Join an Indispensable Party:  Federal Rules of Civil Procedure 12(b)(7) and 19**

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a case for "failure to join a party under Rule 19". Fed. R. Civ. P. 12(b)(7).

Federal Rule of Civil Procedure 19 is entitled "Joinder of Persons Needed for Just Adjudication". Rule 19(a) states as follows, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of claimed interest.

Fed. R. Civ. P. 19(a). Rule 19(b) states as follows, in relevant part:

> If a person [to be joined if feasible] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include:

>   first, to what extent a judgment rendered in the person's
>   absence might be prejudicial to the person or those already
>   parties;
>
>   second, the extent to which, by protective provisions in
>   the judgment, by the shaping of relief, or other measures,
>   the prejudice can be lessened or avoided;
>
>   third, whether a judgment rendered in the person's absence
>   will be adequate;
>
>   fourth, whether the plaintiff will have an adequate remedy
>   if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"A Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit.  If joinder is warranted, then the person will be brought into the lawsuit.  But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." HS Resources, Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003); see also Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986) ("Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party ... First, Rule 19(a) provides a framework for deciding whether a given person should be joined.  Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined."); August v. Boyd Gaming Corp., 135 Fed.Appx. 731, 732 (5th Cir. 2005) (same).

In this case, the burden is on the Defendants, as the movants, to show that TXDOT is a necessary and indispensable party. See Payan v. Continental Tire North America, Inc., 232 F.R.D. 587, 589 (S.D. Tex. 2005). ("The burden is on [the movant] to show that Reyes meets one of the criteria to be a necessary party, and then to show that Reyes is also indispensable.").

### B. As an Alleged "Joint Tortfeasor" TXDOT is Not an Indispensable Party Under Rule 19(b)

In this case, as set forth below, even if TXDOT is considered a party that should be added to the suit under Rule 19(a), TXDOT is not indispensable under Rule 19(b). Because TXDOT is not "indispensable," this suit should not be dismissed.

It is well-settled that joint tortfeasors are not considered indispensable parties under Rule 19(b). Nottingham v. General American Communications Corp., 811 F.2d 873, 880 (5th Cir. 1987) ("it is well-established that Rule 19 does not require the joinder of joint tortfeasors"); Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (5th Cir. 1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. ... Nothing in the 1966 revision of Rule 19 changed that principle."); Payan v. Cont'l Tire North Am., Inc., 232 F.R.D. 587, 589 (S.D. Tex. 2005) ("Joint tortfeasors are not typically indispensable parties, and the general rule is that a plaintiff cannot be forced to sue a joint tortfeasor on the theory that an

absent joint tortfeasor automatically subjects the other defendants to a risk of multiple or inconsistent obligations.").

In this case, the most Plaintiffs alleged with respect to TXDOT, J.B. Hunt and Roark in their state court action is that the three entities were <u>joint tortfeasors</u> in causing harm to Plaintiffs. "Joint tortfeasors are defined as parties whose tortious conduct combines as a legal cause of a single and indivisible harm to the injured party." <u>Gilcrease v. Garlock, Inc.</u>, 211 S.W.3d 448, 457 (Tex. App.--El Paso 2006). In their state court First Amended Original Petition, Plaintiffs claim that "***[i]t was the negligence of three parties [TXDOT, J.B. Hunt and Ronald Roark] working together which caused the death of Marina Becker.*** [TXDOT, J.B. Hunt and Ronald Roark] could have and did foresee that such an event could occur, and failed to take such action as would have also prevented MARINA BECKER's death." (State Court Amended Petition, pp. 3-4) (emphasis added). This allegation falls squarely within the definition of a "joint tortfeasor" in Texas, parties whose tortious conduct combines as a single and indivisible harm to the injured party. See <u>Gilcrease</u>, 211 S.W.3d at 457. Plaintiffs specifically allege that it was the negligence of J.B. Hunt, Roark and TXDOT, working together, which caused the harm to Plaintiffs -- the death of Marina Becker.

Accordingly, all Plaintiffs alleged against TXDOT in the state court suit was that TXDOT was a joint tortfeasor, along with the

other named Defendants in the case.  As a joint tortfeasor, <u>TXDOT cannot be classified as an "indispensable party" under Rule 19(b)</u>.  See <u>Nottingham</u>, 811 F.2d at 880 (it is "well-established that Rule 19 does not require the joinder of joint tortfeasors").  As TXDOT is not indispensable under Rule 19(b), the Court will not dismiss Plaintiffs' federal lawsuit for "failure to join" TXDOT in the instant litigation.

### IV.  Conclusion

For the reasons set forth above, Defendants' motion to dismiss for failure to join an indispensable party is hereby DENIED.

SIGNED and ENTERED this 31st day of July, 2007.

_____
Janis Graham Jack
United States District Judge