```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

GREGORY S. BECKER, et al.,      §
                                §
     Plaintiffs,                §
                                §
v.                              §   Civil Action
                                §   No. C-07-115
WABASH NATIONAL CORPORATION,    §
et al.,                         §
                                §
     Defendants.                §
```

## ORDER

On this day came on to be considered Plaintiffs' motion to strike the Court's Order granting Defendant Wabash National Corporation's ("Wabash") unopposed motion for leave to file a third-party action against Michelle B. Popp (D.E. 33, moving to strike D.E. 24). For the reasons set forth below, Plaintiffs' motion to strike is hereby GRANTED. The Court VACATES its June 28, 2007 Order granting Wabash's motion for leave to file a third-party action against Michelle B. Popp (D.E. 24), and STRIKES Wabash's third-party petition against Michelle B. Popp (D.E. 25). Pursuant to the agreement between Plaintiffs and Wabash, the Court also hereby designates Michelle B. Popp as a "responsible third party" under Texas Civil Practice & Remedies Code § 33.004.

## I.   Background

The deadline for joinder of parties in the above-styled action passed on June 29, 2007 (D.E. 13, Scheduling Order). Shortly before that deadline, on June 28, 2007, Wabash filed its unopposed motion for leave to file a third-party action against Michelle Popp

(D.E. 23). Michelle Popp was the driver of the car in the accident at issue in this litigation. Wabash's motion indicated that it was "unopposed" by Plaintiffs and by the other Defendants in the case. (See D.E. 23, ¶ 7, stating that "[t]he attorney for Plaintiff as well as the attorney for co-Defendants J.B. Hunt Transport, Inc. and Ronald O. Roark stated that they are not opposed to this Motion."). The Court granted Wabash's motion for leave on June 28, 2007 (D.E. 24), and Wabash's third-party complaint against Michelle Popp was filed on that same day (D.E. 25).

On July 18, 2007, Plaintiffs filed the instant "motion to strike" the Court's June 28, 2007 Order granting Wabash's motion for leave (D.E. 33). In their motion, Plaintiffs indicate that Plaintiffs' counsel misunderstood Wabash's counsel regarding Wabash's motion for leave to file the third-party petition. Apparently Plaintiffs' counsel thought that Wabash sought to add Ms. Popp as a responsible third party under Texas Civil Practice & Remedies Code § 33.004, <u>not</u> to institute a separate third-party action against Ms. Popp. Because of this misunderstanding, Plaintiffs' counsel mistakenly told Wabash's counsel that Plaintiffs were unopposed to Wabash's motion for leave. Plaintiffs now indicate that they are actually opposed to Wabash's third-party petition against Ms. Popp, in part because Plaintiffs have already entered into a settlement and release with Ms. Popp concerning the accident in question.

Plaintiffs' motion to strike indicates that if the Court designates Ms. Popp as a responsible third party under Texas Civil Practice & Remedies Code § 33.004, then Wabash does not oppose Plaintiffs' motion to strike the Court's June 28, 2007 Order granting Wabash's motion for leave.[1]  The Court will accordingly treat Plaintiffs' motion to strike as a motion by the parties to designate Michelle Popp as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.  As set forth below, the Court hereby GRANTS the parties' motion and DESIGNATES Michelle Popp as a responsible third party under the Texas Civil Practice & Remedies Code.

## II.  Texas Civil Practice & Remedies Code § 33.004

Texas Civil Practice & Remedies Code § 33.004 is part of a state statutory scheme for determining "proportionate responsibility" in tort actions.[2]  Texas Civil Practice & Remedies

---

[1] Plaintiffs' motion to strike also states that the other Defendants in this case, J.B. Hunt Transport, Inc. ("J.B. Hunt") and Ronald Roark, do not oppose the relief sought by Plaintiffs in this motion – striking the Court's June 28, 2007 Order granting Wabash's motion for leave, while simultaneously designating Michelle B. Popp as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.

[2] This Court may apply Texas Civil Practice & Remedies Code § 33.004 in this case, even though it is technically a state procedural statute.  See, e.g., Bueno v. Cott Beverages, Inc., 2005 WL 647026 (W.D. Tex. 2005).  Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings."  Cates v. Sears, Roebuck & Co., 928 F.2d 679, 687 (5th Cir. 1991); see also Erie R.R. v. Tompkins, 304 U.S. 64 (1938).  However, **"[w]here the state rule reflects a substantive state policy not**

Code § 33.033 states that for each cause of action asserted, the trier of fact shall determine the percentage of responsibility for each claimant, defendant, settling person, and responsible third party who has been designated under Section 33.004.  See Tex. Civ. Prac. & Rem. Code § 33.003.  Section 33.004(a) provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion" with the court.  See id. at 33.004(a). The filing or granting of a motion to designate a person as a responsible third party does not by itself impose liability against the person, and may not be used in any other proceeding to impose liability on the person (such as through res judicata or collateral estoppel).  See id. at § 33.004(i).

### III.  Conclusion

Based on the above, the Court hereby GRANTS Plaintiffs' motion to strike the Court's June 28, 2007 Order granting Wabash's motion for leave to file a third-party action against Michelle B. Popp.

---

*in conflict with the plain meaning of [a] federal rule, then the state rule is the rule of decision and should be applied under the terms of the Erie decision.*"  Exxon Corp. v. Burglin, 42 F.3d 948, 949 (5th Cir. 1995) (internal citations omitted) (emphasis added).  As noted above, Texas Civil Practice & Remedies Code § 33.004 is part of the Texas statutory scheme for determining proportionate responsibility in tort actions.  The closest federal procedural counterpart is Federal Rule of Civil Procedure 14, which governs the procedures by which parties to a case may bring a third party into the litigation.  See Fed. R. Civ. P. 14. Since the Texas proportionate responsibility statutes reflect a state substantive policy, and they do not conflict with the procedures set forth in Rule 14, this Court may apply Section 33.004 in the instant litigation.  See Exxon, 42 F.3d at 949.

(D.E. 33, seeking to strike D.E. 24). The Court hereby VACATES the above-referenced June 28, 2007 Order (D.E. 24), and STRIKES Wabash's third-party complaint against Michelle B. Popp (D.E. 25). The Court also hereby DESIGNATES Michelle B. Popp as a responsible third party under Texas Civil Practice & Remedies Code § 33.004.

SIGNED and ENTERED this 31st day of July, 2007.

_____
Janis Graham Jack
United States District Judge